UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Direct Capital Corporation

    v.                                                      Civil No. 06-cv-47-SM

Harbour Capital Corporation

**REPORT AND RECOMMENDATION**

Plaintiff moves for a preliminary injunction to enjoin the Defendant from using the marks Direct Capital Corporation® and Direct Capital in connection with the offering of Defendant's services. For the reasons set forth below, I recommend that Plaintiff's motion be denied.

Standard of Review

A court may grant a plaintiff's request for a preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if the injunction is not granted; (3) the injury to the plaintiff outweighs any harm that granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction. See Langlois v. Abington Hous. Auth., 207 F.3d 43,

47 (1st Cir. 2000).  A party seeking injunctive relief must independently satisfy each of the four factors.  See <u>Auburn News Co. v. Providence Journal Co.</u>, 659 F.2d 273, 277 (1st Cir. 1981).

<u>Background</u>

Plaintiff's motion for a preliminary injunction is based on allegations made by Leonard H. Westphal, the owner of Pallets Unlimited, a Minnesota corporation.  Westphal states in an affidavit that he spoke with one of Plaintiff's representatives regarding obtaining equipment financing in or around mid-October 2005.  Affidavit of Leonard H. Westphal dated January 27, 2006, ¶ 2.  "A couple of weeks later," Westphal received a telephone call from a person who said that he worked for Harbour Capital Corporation.[1]  <u>Id.</u>, ¶ 3.  That person sought to persuade Pallets Unlimited to use Harbour Capital for its equipment financing. <u>Id.</u>  Westphal states that he told the caller that he "was already in contact with someone at Direct Capital for our equipment financing and would wait to hear back from that company before moving forward."  <u>Id.</u>, ¶ 4.  According to Westphal, "[t]he Harbour Capital employee then told [him], 'That's part of our

---

[1] Westphal does not identify the person with whom he spoke in his affidavit, and Plaintiff did not offer any evidence regarding that individual's identity at the hearing.

2

operation also.  Don't worry about it.'"  Id., ¶ 5.

At some point, Plaintiff learned of the conversation described above.  Plaintiff wrote to Defendant requesting that Defendant immediately cease and desist from making any false, deceptive or misleading representations regarding Direct Capital's affiliation, connection or association with Harbour Capital.  Verified Compl., ¶ 16.  Defendant denied knowledge of the occurrence of any such actions.  Id.

Plaintiff brought this action on February 6, 2006 alleging, among other things, that Defendant has engaged in service mark infringement and unfair competition.  On that same date, Plaintiff moved for a preliminary injunction.  The Court held an evidentiary hearing on Plaintiff's motion on March 16, 2006.

### Discussion

Plaintiff did not produce any witnesses at the injunction hearing.  Plaintiff requested that the Court proceed on offers of proof, but Defendant objected.  Defendant maintained its denial of Westphal's allegations as they pertained to the Defendant, and Defendant had no opportunity to cross-examine Westphal regarding his out-of-court statements at the hearing.  Since the only support for Plaintiff's claims is inadmissible hearsay, I find

that Plaintiff did not present any competent evidence that shows that it is likely to succeed on the merits of its infringement and unfair competition claims.

I further note that Plaintiff seeks injunctive relief based on a single misrepresentation that was made, if at all, in late October 2005.  Plaintiff did not produce any other evidence that suggests that the Defendant is continuing to represent to third parties that Defendant has an affiliation or connection with Plaintiff, or that Defendant is directly using Plaintiff's marks. Accordingly, I further find that Plaintiff has not shown that it will suffer irreparable harm if a preliminary injunction is not granted.  See <u>American Bd. of Psychiatry, Inc. & Neurology, Inc. v. Johnson-Powell, M.D.</u>, 129 F.3d 1, 4 (1st Cir. 1997) ("while certification mark and trademark infringements may be presumed without more to cause irreparable harm, there is no parallel presumption that because such infringements occurred in the past, they will inevitably be continued into the future").

## Conclusion

Since the Plaintiff did not offer any evidence that shows either that it is likely to succeed on the merits of its claims, or that it will suffer irreparable harm if an injunction is not

granted, I recommend that Plaintiff's motion for a preliminary injunction (document no. 3) be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  March 17, 2006

cc:   Robert R. Lucic, Esq.
      Courtney H. G. Herz, Esq.
      Lawrence B. Gormley, Esq.